**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margarita Leon De Nunez,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-19-02593-PHX-SPL<br><br>**ORDER** |

　　　　On April 6, 2020, the Court issued an Order reversing the decision of the Administrative Law Judge ("ALJ") and remanding this case to the Social Security Administration for a calculation of benefits beginning January 1, 2012 (Doc. 24). Before the Court is Defendant's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 26) and Plaintiff's Response (Doc. 27).

　　　　Reconsideration is disfavored and "appropriate only in rare circumstances." *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Motions for Reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions be used to ask the Court to rethink its previous decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581 (D. Ariz. 2003). The Court may grant a motion under Rule 59(e) if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty., Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its April 6, 2020 Order, the Court concluded that (1) the ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony; and (2) the ALJ errantly rejected the opinion of Plaintiff's treating physician (Doc. 24). Defendant asserts that the Court failed to adequately analyze whether outstanding issues remained, and it committed clear error by remanding this case for a calculation of benefits (Doc. 26).

If a Court finds that an ALJ has erred in finding a plaintiff is not disabled under the Social Security Act, the Court employs a three-step test—known as the "credit-as-true" rule—to determine whether the case should be remanded for further administrative proceedings or for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). To remand for benefits, the Court must find that: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. at 1020. Even if all three parts of the test are satisfied, however, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."

To the extent Defendant argues that remand would provide an opportunity for the ALJ to address any perceived deficiencies in the ALJ's explanations as highlighted in the Order, the Court disagrees. "[O]ur precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of the credit as true analysis." *Id*. at 1021. Indeed, "it is both reasonable and desirable to require the ALJ to articulate [valid grounds to discredit testimony] in the original decision." *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal,

should not have another opportunity to show that [the claimant] was not credible any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

Defendant further argues that when reviewed as a whole, the record is replete with evidence of inconsistencies and ambiguities as to the fact of Plaintiff's disability, which would preclude an award of benefits. Ultimately, Defendant appears to allege that the Court failed to review the record or even consider the conflicting evidence when determining that a remand for an award of benefits was appropriate. The motion essentially disagrees with this Court's finding that "the record largely substantiates Plaintiff's testimony and Dr. Cheng's opinion," and that "the Court has no serious doubt that Plaintiff is disabled." (Doc. 24 at 12) The Court finds that Defendant's motion is an attempt to reargue the merits of the Court's decision, and it asks for the Court to find an alternative interpretation of the evidence in its favor. The Court thus finds that Defendant has not presented a valid basis for grating Rule 59(e) relief.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 26) is **denied**.

Dated this 27th day of October, 2020.

Honorable Steven P. Logan
United States District Judge